IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,514






EX PARTE JERRY GLENN COOKS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F02-52024-J IN THE CRIMINAL DISTRICT COURT NO. 3 


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to twenty-five years' imprisonment. The Fifth
Court of Appeals affirmed his conviction. Cooks v. State, No. 05-03-01128-CR (Tex. App. - Dallas,
delivered April 21, 2005, no pet.) 

 Applicant contends that he was denied the opportunity to petition this Court for discretionary
review because he did not timely receive notice that his conviction had been affirmed. Applicant
has submitted the notice from appellate counsel as well as the envelope in which he received it as
evidence to support his claim. While the date on the notice itself indicates that appellate counsel
prepared the notice in a timely fashion, the postmark on the envelope indicates that Applicant did
not receive the letter until after the deadline for filing a petition had passed. In this case, there
appears to have been a breakdown in the system, and due process requires that Applicant be
permitted to exercise his statutory right to file a petition for discretionary review. Ex parte Riley,
193 S.W.3d 900, 902 (Tex. Crim. App. 2006).

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Fifth Court of Appeals in Cause No. 05-03-01128-CR
that affirmed his conviction in Case No. F02-52024-J from the Criminal District Court No. 3 of
Dallas County, Texas. Applicant shall file his petition for discretionary review with the Fifth Court
of Appeals within 30 days of the date on which this Court's mandate issues. Applicant's remaining
claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).



Delivered: September 27, 2006

Do not publish