IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,896-01






EX PARTE WILLIAM MATTHEW SCHIFFERT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0825602A IN THE CRIMINAL DISTRICT COURT


 NUMBER ONE FROM TARRANT COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to seventy-five years' imprisonment. The Second Court of Appeals affirmed his
conviction. Schiffert v. State, 257 S.W.3d 6 (Tex. Crim. App. 2008). 

 Applicant contends that he was denied the right to file a petition for discretionary review
(PDR) to this Court. He alleges that he deposited his PDR in the prison mail room on June 19, 2008,
one day prior to the deadline for filing in this Court, but that the prison mail room did not timely mail
his PDR. This Court received Applicant's PDR six days after the due date, on June 26, 2008, and
dismissed it as untimely filed on August 20, 2008.

 Applicant has alleged facts which, if true, might entitle him to relief. Ex parte Riley, 193
S.W.3d 900 (Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit and obtain mail room logs listing the date on which Applicant gave his PDR to the
prison mail room, whether Applicant gave the prison mail room any mail to send for him on June
19th or 20th, 2008, and if so, to whom those pieces of mail were addressed and when those pieces of
mail were placed in the care of the U.S. postal service for mailing. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to when Applicant gave his PDR to the prison
mail room for mailing and when the prison mail room actually mailed the PDR. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 6, 2009

Do not publish