NO. 07-09-0217-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 9, 2010

_____

RANDY WAYNE COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 14972-B; HONORABLE JOHN BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Randy Wayne Cook, was convicted by a jury of aggravated sexual assault of a child and sentenced to life imprisonment. The appellate record, Appellant's brief, and State's brief have all been filed. Pending before this Court is a Motion to Abate Appeal in which appointed counsel, Warren L. Clark, represents that he has accepted a position with the Randall County Criminal District Attorney's Office effective April 1, 2010, and finds it necessary to withdraw from any

further representation of Appellant. For the following reasons, we agree and grant the motion.

The trial court has the responsibility for appointing counsel to represent indigent defendants, Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon Supp. 2009), as well as the authority to relieve or replace appointed counsel upon a finding of good cause. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2009). *See also Enriquez v. State*, 999 S.W.2d 906, 907 (Tex.App.--Waco 1999, no pet.). Additionally, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908.

Mr. Clark was appointed by the trial court to represent Appellant. In light of Mr. Clark's upcoming employment with the Randall County Criminal District Attorney's Office, we now abate the appeal and remand the cause to the trial court for further proceedings.[1]

Upon remand, the trial court shall utilize whatever means necessary to determine the following:

1. whether good cause exists to relieve Mr. Clark of his duties;

2. whether Appellant still desires to prosecute this appeal; and

2. whether Appellant is indigent and entitled to appointed counsel.

---

[1]Notwithstanding that the record and briefs have been filed, an appellant is entitled to appointed counsel "through to the end." *Ex parte Riley*, 193 S.W.3d 900, 901 (Tex.Crim.App. 2006). Following a disposition by this Court, appointed counsel has the duty to inform the client of this Court's decision and advise him of the right to file a pro se petition for discretionary review. *Id*. at 902.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to new appointed counsel, the name, address, telephone number, and state bar number of the newly-appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by April 1, 2010.

Should new counsel be appointed, the Clerk of this Court is instructed to accept and file any brief or supplemental brief newly appointed counsel desires to file. Absent a motion for extension of time, newly appointed counsel's brief is due within thirty days following the filing of the supplemental clerk's record, and the State's brief is due thirty days following the filing of Appellant's brief.

It is so ordered.

Per Curiam

Do not publish.