IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,235-01




EX PARTE DAVID ALLEN VAN DYNE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 05-05403-CRF-272 IN THE 272ND DISTRICT COURT
FROM BRAZOS COUNTY



           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to two concurrent sentences of life imprisonment.
The Tenth Court of Appeals affirmed his conviction. Vandyne v. State, No. 10-07-00328-CR (Tex.
App.–Waco, May 27, 2009) (unpublished). 
            Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. Applicant contends that a
copy of the appellate opinion was delivered to the Telford Unit in New Boston on June 1, 2009 but
that he was in a “TDCJ Hospital in Galveston” on the day the opinion was issued, was then
transferred to the Estelle Unit in Walker County, and did not receive notice of the Tenth Court’s
opinion until after the 30 days to file a petition for discretionary review had passed. The trial court
made findings of fact, determining that applicant received a copy of the appellate opinion on June
1, 2009. However, nothing in the habeas record rebuts applicant’s contention that he was not at the
Telford Unit and did not receive notice of the appellate opinion until after passage of the PDR
deadline. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Ex parte
Riley, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall provide appellate counsel
with the opportunity to respond to Applicant’s claim of ineffective assistance of counsel on appeal. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make additional findings of fact as to whether Applicant received timely
notice that his conviction had been affirmed. The trial court shall make specific findings as to where
in the TDCJ system applicant was housed on June 1, 2009. If applicant was not at the Telford Unit
in New Boston, Texas on June 1, 2009, the trial court shall make findings as to whether applicant
received notice of the Tenth Court’s decision elsewhere or in another form and if so, when he
received such notice. If the trial court finds that applicant was not at the Telford Unit and did not
otherwise receive timely notice of the appellate opinion, the trial court shall make findings fo fact
as to what steps appellate counsel took to locate applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief. 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 15, 2010
Do not publish