

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,412

### EX PARTE ETIM ETIM KING, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1131865-A IN THE 232nd DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in organized criminal activity and sentenced to forty years' imprisonment. The First Court of Appeals affirmed his conviction. *King v. State*, No. 01-08-00457-CR (Tex. App.–Houston [1st Dist.], delivered April 16, 2009, no pet.).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of

his right to petition for discretionary review *pro se.* We remanded this application to the trial court for findings of fact and conclusions of law.

Both appellate counsel and an official with the Texas Department of Criminal Justice have filed affidavits with the trial court. Based on these affidavits, the trial court has entered findings of fact and conclusions of law that Applicant was not notified, through no fault of counsel, that his conviction had been affirmed and of his right to petition for discretionary review *pro se.* The trial court recommends that relief be granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).[1] We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in Cause No. 01-08-00457-CR that affirmed his conviction in Case No. 1131865-A from the 232nd Judicial District Court of Harris County. Applicant shall file his petition for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Delivered:
Do not publish

---

[1] In cases where counsel was not ineffective, but there has been a "breakdown in the system", due process requires that an applicant be permitted to exercise his statutory right to file a PDR.