IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,475




EX PARTE JOHN MEDELLIN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 08-CR-3680-G IN THE 319TH DISTRICT COURT
FROM NUECES COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to twenty years’ imprisonment. The Thirteenth Court of Appeals dismissed his appeal.
Medellin v. State, No. 13-09-00240-CR (Tex. App.–Corpus Christi-Edinburg, delivered Aug. 31,
2009, no pet.).
            Applicant contends that he was denied his right to appeal because he was led to believe from
court records that a notice of appeal had been filed. The trial court made findings of fact and
conclusions of law and recommended that we deny relief. We do not agree. In Applicant’s case, there
was a “breakdown in the system.” Ex parte Riley, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). We
find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the
judgment of conviction in Cause No. 08-CR-3680-G from the 319th Judicial District Court of
Nueces County. Applicant is ordered returned to that time at which he may give a written notice of
appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.
 
Delivered: January 12, 2011
Do Not Publish