

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,476

**EX PARTE MALCOLM HUNTER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17477-A IN THE 2ND JUDICIAL DISTRICT COURT
### FROM CHEROKEE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a firearm by a felon and sentenced to eighteen years' imprisonment.

Applicant contends that he was denied his right to appeal, because appellate counsel was appointed but did not receive notice of the appointment until after the deadline for filing notice of appeal or a request for an extension had passed.

The trial court has determined that appellate counsel was not notified of his appointment until

after all applicable deadlines had passed. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 17477-A from the 2nd Judicial District Court of Cherokee County. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 12, 2011
Do Not Publish