

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,538

### EX PARTE JOHNNY ADAME, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-09-301773-A IN THE 331ST JUDICIAL DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery and was sentenced by a jury to seventy-five years' imprisonment.

Applicant contends that he was denied his right to appeal because appellate counsel was not timely notified of his appointment. In support of his claim, Applicant submits affidavits from appellate counsel and from a court administrator indicating that although appellate counsel was timely appointed, he was not notified of his appointment until after the period for filing notice of

appeal had passed.

The trial court has determined that Applicant was denied his right to appeal. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. D-1-DC-09-301773-A from the 331st Judicial District Court of Travis County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: April 20, 2011
Do Not Publish