

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,540 & AP-76,541

### EX PARTE THERON LECINO LACEY, JR., Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS CAUSE NOS. F-0820873-S & F0961076-S IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated robbery and sentenced to imprisonment for thirty and seventy-five years.

Applicant contends that trial counsel failed to file timely notices of appeal. The trial court concluded that Applicant was denied his right to appeal because, although notices of appeal were signed and presented to the court clerk by counsel, the notices were misplaced by the court clerk and not timely filed. The trial court recommended that we grant Applicant out-of-time appeals. We agree.

There was a "breakdown in the system." *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). We find, therefore, that Applicant is entitled to the opportunity to file out-of-time appeals of the judgments of conviction in Cause Nos. F-0820873-S & F0961076-S from the 282nd Judicial District Court of Dallas County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: May 4, 2011
Do Not Publish