IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,154-01






EX PARTE TRACY J. HOWARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19151 IN THE 356TH DISTRICT COURT


FROM HARDIN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
possession of marijuana, over 50 pounds, and sentenced to twenty years' imprisonment. The
Ninth Court of Appeals affirmed his conviction. Howard v. State, No. 09-09-00203-CR
(Tex. App.-Beaumont, May 12, 2010). 

 Applicant contends that his appellate counsel rendered ineffective assistance because
counsel failed to timely notify Applicant that his conviction had been affirmed. Counsel has
submitted a response stating that he timely mailed a letter to Applicant informing him that
his conviction was affirmed and that he had a right to file a pro se petition for discretionary
review. Applicant alleges that during the applicable time frame, the mail room at his facility
did not receive any mail from counsel addressed to Applicant. Applicant might be entitled
to relief based not on ineffective assistance of counsel, but rather on a break-down in the
system. Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006).

 In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall order the Texas Department of Criminal Justice's Office of the
General Counsel to file an affidavit stating whether Applicant received any mail from
counsel from the date of the appellate opinion, May 12, 2010, until the date his application
for writ of habeas corpus was signed, November 6, 2010. The affidavit should reference the
mail logs of any unit to which Applicant was assigned during the applicable time frame.

 The trial court shall make findings of fact as to whether Applicant received the letter
sent by his appellate attorney notifying him of the court of appeal's opinion. If so, the trial
court shall make a finding as to when the letter was received by Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: May 4, 2011

Do not publish