

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,577

**EX PARTE DAVID DARRYL BROWN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-06-05992-CR IN THE 359TH JUDICIAL DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unauthorized use

of a motor vehicle and sentenced to fifteen years' imprisonment.

Applicant contends that he was denied his right to appeal because the notice of appeal filed

by counsel was untimely, and his appeal was dismissed.

The trial court has determined that the written judgment and the "clerk's notice of appeal"

form both contain an erroneous date as the date of sentencing. Applicant's trial counsel reasonably

believed that his notice of appeal was timely filed based on the date upon which the trial court formally imposed judgment. Although the court of appeals notified trial counsel of the untimeliness of the notice of appeal and provided the parties with an opportunity to respond as to why the appeal should be continued, at the time of this notification trial counsel had been relieved and appellate counsel appointed. There is nothing in the record to indicate that appellate counsel received notice of the need to respond to the court of appeals as to why the appeal should be continued. The dismissal of Applicant's appeal is attributable to a breakdown in the system, rather than deficient performance on the part of trial or appellate counsel. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 09-06-05992-CR from the 359th Judicial District Court of Montgomery County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: June 15, 2011
Do Not Publish