

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,642, AP-76,643 & AP-76,644

### EX PARTE JAMES GUY GARNER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. 17273 IN THE 329TH DISTRICT COURT
### FROM WHARTON COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of continuous violence against the family and two counts of abandoning a child without intent to return. He was sentenced to eight years' imprisonment on each count.

Applicant contends that he was deprived of his right to appeal his convictions through no fault of his own.

It is apparent from the face of the record that, though appellate counsel was appointed in

timely fashion, he was not notified of that appointment until well after notice of appeal could be filed. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause No. 17273 from the 329th Judicial District Court of Wharton County. *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: September 21, 2011
Do Not Publish