

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,726

**EX PARTE OSCAR TREJO, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20100D01573-205-1 IN THE 205TH JUDICIAL DISTRICT COURT FROM EL PASO COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to fifteen years' imprisonment.

Applicant contends that he was denied his right to appeal, because the notice of appeal filed on his behalf was untimely. Applicant advised the trial court that his family was trying to retain counsel, and the trial court instructed trial counsel not to file a motion for new trial or notice of appeal on Applicant's behalf. Applicant's family was unable to secure counsel, and appellate

counsel was not appointed until after the deadline for filing notice of appeal had passed.

The trial court has determined that trial counsel was not ineffective, but that Applicant was denied his right to appeal. This Court has previously granted relief when there was a breakdown in the system resulting in the denial of the right to appeal or petition for discretionary review. *See Ex parte Riley*, 193 S.W. 3d 900 (Tex. Crim. App. 2006). We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 20100D01573-205-1 from the 205th Judicial District Court of El Paso County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: February 15, 2012
Do Not Publish