IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,803






EX PARTE WILLIAM THOMAS WATTS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. DIS-08-01654 IN THE 119TH DISTRICT COURT


FROM CONCHO COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifty years' imprisonment. The Third Court of Appeals dismissed his appeal.
Watts v. State, No. 03-08-00725-CR (Tex. App.-Austin 2009, no pet.).

 Applicant contends that he was denied his right to appeal. The trial court found that
Applicant was deprived of his right to appeal through no fault of his own. Ex parte Riley, 193
S.W.3d 900, 902 (Tex. Crim. App. 2006). We find that Applicant is entitled to the opportunity to
file an out-of-time appeal of the judgment of conviction in cause number DIS-08-01654 from the
119th District Court of Concho County. Applicant is ordered returned to that time at which he may
give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful
appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall
be calculated as if the sentence had been imposed on the date on which the mandate of this Court
issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps
to file a written notice of appeal in the trial court within 30 days after the mandate of this Court
issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: May 23, 2012

Do not publish