

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,814

### EX PARTE CHARLES LEE FAULK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09CR278 IN THE 349TH DISTRICT COURT
### FROM HOUSTON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to seven years' imprisonment. The Twelfth Court of Appeals dismissed his appeal. *Faulk v. State*, No. 12-11-00284-CR (Tex. App.–Tyler Oct. 12, 2011, no pet.).

Applicant contends that he was denied his right to an appeal. The trial court made findings of fact and concluded that Applicant was entitled to an out-of-time petition for discretionary review. Based on the trial court's findings of fact and our own independent review of the record, we conclude that there was a breakdown in the system on direct appeal. *Ex parte Riley*, 193 S.W.3d

900, 902 (Tex. Crim. App. 2006). Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number 09CR278 from the 349th District Court of Houston County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 13, 2012
Do not publish