IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,456-03






EX PARTE RAFAEL ANDREAS CAHVARRIAGA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-10,436 IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty-five years' imprisonment. The Twelfth Court of Appeals affirmed his conviction.
Cahvarriga v. State, No. 12-03-00165-CR (Tex. App.-Tyler December 30, 2004). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. We remanded this
application to the trial court for findings of fact and conclusions of law.

 The trial court held a live hearing where appellate counsel testified that he sent a letter to
Applicant explaining his right to file a pro se petition for discretionary review. He testified that he
had proof of mailing the letter, but had no proof that Applicant received the letter. Applicant
testified at the hearing that he never received the letter from counsel. The trial court found both
witnesses to be credible. Applicant was subjected to a breakdown in the system that entitled him to
relief. Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2003).

 We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition
for discretionary review of the judgment of the Twelfth Court of Appeals in Cause No. 12-03-00165-CR that affirmed his conviction in Cause No. B-10,436 from the 173rd District Court of Henderson
County. Applicant shall file his petition for discretionary review with this Court within 30 days of
the date on which this Court's mandate issues.

 Applicant's remaining claims are dismissed. Ex Parte Torres, 943 S.W.2d 469 (Tex. Crim.
App. 1997).

Delivered: May 8, 2013

Do not publish