12-03-00165-CR



FILED IN COURT OF APPEALS
12th Court of Appeals District

MAY 10 2013

TYLER TEXAS
CATHY S. LUSK, CLERK


# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-61,456-03

## EX PARTE RAFAEL ANDREAS CAHVARRIAGA, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. B-10,436 IN THE 173RD DISTRICT COURT
## FROM HENDERSON COUNTY

*Per curiam.*

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty-five years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Cahvarriga v. State*, No. 12-03-00165-CR (Tex. App.–Tyler December 30, 2004).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court held a live hearing where appellate counsel testified that he sent a letter to

Applicant explaining his right to file a *pro se* petition for discretionary review. He testified that he had proof of mailing the letter, but had no proof that Applicant received the letter. Applicant testified at the hearing that he never received the letter from counsel. The trial court found both witnesses to be credible. Applicant was subjected to a breakdown in the system that entitled him to relief. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Twelfth Court of Appeals in Cause No. 12-03-00165-CR that affirmed his conviction in Cause No. B-10,436 from the 173rd District Court of Henderson County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: May 8, 2013
Do not publish