

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,573-01

### EX PARTE BENNY ALONZO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011CR5317 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a firearm by a felon and sentenced to seven years' imprisonment.

Applicant contends that he was denied his right to appeal this conviction through no fault of his own. Applicant's trial counsel has filed an affidavit in which he states that Applicant, who has several other cases awaiting trial by jury, mistakenly believed that an appeal could be had in this case after final resolution of all of his pending cases. Counsel states his belief that Applicant was denied the right to appeal through no fault of his own, but rather through mis-communication and confusion.

The trial court has determined that due process requires that Applicant be afforded an out-of-time appeal in this case.  *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).  We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2011CR5317 from the 226th District Court of Bexar County.  Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.  Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent.  If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal.  All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.  We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 12, 2013
Do not publish