

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,148-02

### EX PARTE DENNIS RICK JOHNSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1313690D IN THE 371ST DISTRICT COURT
## FROM TARRANT COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery and was sentenced to twenty-five years' imprisonment.[1] The trial court certified that this was a plea bargain case, and that Applicant had no right to appeal. Nevertheless, Applicant filed a

---

[1]Applicant pleaded guilty to two separate charges of aggravated robbery, and tried to appeal both convictions. Initially, Applicant filed a single application for writ of habeas corpus containing both cause numbers. Because multiple convictions cannot be challenged in a single application, this Court is dismissing that application. Applicant also filed this application in which he listed only one of the two cause numbers. If Applicant wants to obtain relief in the other cause number, he must file an application pertaining only to that cause number.

*pro se* notice of appeal. The Second Court of Appeals eventually dismissed the appeal for want of jurisdiction. *Johnson v. State*, No. 02-13-00491-CR (Tex. App. - Fort Worth, November 14, 2013).

Applicant contends, among other things, that his appellate counsel rendered ineffective assistance because counsel failed to notify him when his appeal was dismissed, and failed to advise him of his right to file a *pro se* petition for discretionary review.

Applicant's trial counsel filed an affidavit with the trial court. In the affidavit, trial counsel stated that he was never appointed to represent Applicant on direct appeal, and was not aware that Applicant had filed *pro se* notice of appeal. However, the record reflects that the Second Court of Appeals listed trial counsel as Applicant's appellate counsel, and sent trial counsel letters pertaining to Applicant's appeal. The Court of Appeals also notified counsel when the opinion and mandate issued in Applicant's appeal, and did not notify Applicant himself. Based on trial counsel's affidavit and the documents in the record, the trial court has entered findings of fact and conclusions of law. The trial court recommends that relief be granted, insofar as Applicant should be granted an out-of-time petition for discretionary review. *See Ex parte Riley*, 193 S.W. 3d 900 (Tex. Crim. App. 2006).

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in Cause No. 02-13-00491-CR that affirmed his conviction in Cause No. 1313690D from the 371st District Court of Tarrant County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: October 22, 2014
Do not publish