

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,819-02

### EX PARTE ALVIN EUGENE HINES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 31047-B IN THE 3RD DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. His appeal was dismissed for want of jurisdiction. *Hines v. State*, No. 12-13-00325-CR (Tex. App.—Tyler Nov. 21, 2013) (not designated for publication).

Applicant contends that his counsel rendered ineffective assistance because counsel failed to timely file a notice of appeal. The trial court obtained a response from one of Applicant's two trial lawyers, and held a live hearing at which Applicant testified. The habeas court found that neither

lawyer rendered ineffective assistance of counsel, that "notice of appeal was not filed timely due to [Applicant's] own actions and conduct," and that Applicant was responsible for the denial of direct appeal. Nevertheless, the court concluded that Applicant "should be allowed to pursue an out of time appeal."

The court's findings that Applicant was responsible for any failure to perfect appeal are supported by the record. Because Applicant has not shown his lawyers were ineffective, and because he has not established there was a "breakdown in the system,"[1] he has not established entitlement to relief. Accordingly, relief is denied.

Filed: July 1, 2015
Do not publish

---

[1] *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).