

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-83,525-01

---

**EX PARTE JOEY BALERO, Applicant**

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011-431,252-A IN THE 364th DISTRICT COURT
### FROM LUBBOCK COUNTY

---

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to forty-five years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Balero v. State*, No. 07-13-00088-CR (Tex. App.—Amarillo April 9, 2014) (not designated for publication).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his conviction had been affirmed.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that Applicant was deprived of his right to file a *pro se* petition for discretionary review through no fault of his own or counsel's. The trial court recommends that relief be granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).[1]

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Seventh Court of Appeals in Cause No. 07-13-00088-CR that affirmed his conviction in Cause No. 2011-431,252-A from the 364th District Court of Lubbock County. Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: July 29, 2015
Do not publish

---

[1] In cases where counsel was not ineffective, but there has been a "breakdown in the system," due process requires that an applicant be permitted to exercise his statutory right to file a PDR.