

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,929-02

### EX PARTE CHRISTOPHER GILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-24635-R(A) IN THE 265TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to fifteen years' imprisonment.

Applicant contends, among other things, that his counsel rendered ineffective assistance because she failed to timely file a notice of appeal.

The trial court has determined that counsel fulfilled her duties, but Applicant was denied a direct appeal through no fault of his own. We find that Applicant is entitled to the opportunity to file

an out-of-time appeal of the judgment of conviction in Cause No. F-0924635-R from the 265th District Court of Dallas County. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 14, 2015
Do not publish