

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,219-01

### EX PARTE TRAMAINE SAMPSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1185990-A IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a controlled substance and sentenced to twenty-seven years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Sampson v. State*, No. 14-09-991-CR (Tex. App.—Houston [14th] Jan. 25, 2011).

Applicant contends that he never received notice from his counsel regarding the appellate court's decision in his direct appeal. Appellate counsel filed an affidavit with the trial court stating that she timely sent a notice to Applicant at the Coffield Unit which was signed for by their mail

room on February 8, 2011. Applicant responds that he was never housed at the Coffield Unit and therefore never received counsel's letter. Applicant has alleged facts that, if true, might entitle him to relief in the form of an out of time petition for discretionary review. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's housing assignments, specifically the time frame when his direct appeal was pending from January 2011 through February 2011. The affidavit should also state whether Applicant received any legal mail during that time frame, no matter which unit he was housed in at the time.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received legal mail during the time frame of January to February of 2011. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 24, 2016
Do not publish