

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,391-01

### EX PARTE LANEY PAUL BREWER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W-65081-01-E IN THE 108TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to fifty-one years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Brewer v. State*, No. 07-14-00040-CR (Tex. App.—Amarillo Dec. 4, 2014) (not designated for publication).

Applicant contends that he was denied his right to pursue a *pro se* petition for discretionary review through no fault of his own. We remanded this application to the trial court for findings of

fact and conclusions of law.

Trial counsel has provided an affidavit. The appellate opinion was handed down December 4, 2014, and counsel states that he mailed a copy of the opinion and a letter advising Applicant of his *pro se* PDR rights on December 8, 2014, which letter he attaches. The trial court obtained mail logs from Applicant's prison unit. Applicant received the letter from appellate counsel on January 8, 2015. The trial court finds that, although counsel timely mailed notification to Applicant of the decision and of his PDR rights, "[Applicant] did not receive notice within the period which he could file pro se petition for discretionary review ending January 5, 2015."

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Seventh Court of Appeals in Cause No. 07-14-00040-CR that affirmed his conviction in Cause No. 65,081-E from the 108th District Court of Potter County. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006) (holding in cases where counsel was not ineffective but there has been a breakdown in the system, due process requires that an applicant be permitted to exercise his statutory right to the appellate proceeding). Applicant shall file his petition for discretionary review with this Court within 30 days of the date on which this Court's mandate issues.

Delivered: March 9, 2016
Do not publish