

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,705-01

### EX PARTE DANIEL MARTEZ JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 54,384-B IN THE 181st DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of aggravated sexual assault of a child and two counts of indecency with a child. He was sentenced to fifty years' imprisonment in the aggravated sexual assault of a child count and twenty years' imprisonment in each of the indecency with a child counts.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal.

The record before us reflects that a notice of appeal was not timely filed due to a miscommunication between trial and appellate counsel. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 54,384-B from the 181st District Court of Potter County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 28, 2016
Do not publish