

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-3,933-12

### EX PARTE WALTER HARVEY BALLARD, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1390115-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of child pornography and sentenced to thirteen years' imprisonment. The First Court of Appeals affirmed his conviction. *Ballard v. State*, No. 01-15-00275-CR (Tex. App.—Houston [1st Dist.] July 25, 2017)(not designated for publication).

Applicant contends that he was denied the right to re-file a petition for discretionary review (PDR) to this Court. He alleges that he filed a hand-written *pro-se* PDR which was dismissed as

non-compliant by this Court. This Court struck the petition on March 21, 2018, and stated that Applicant could redraw the petition and refile it within thirty days. Applicant alleges that he never received a copy of that order from this Court, therefore he was not able to redraw his petition and was denied his right to file a PDR.

Applicant has alleged facts which, if true, might entitle him to relief. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d), in that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit and obtain mail room logs listing whether or not Applicant received mail from this Court during the time frame from March 21, 2018 to April 20, 2018.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant received mail from this Court from March 21, 2018 to April 20, 2018. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order.   Any extensions of time shall be obtained from this Court.

Filed: May 1, 2019
Do not publish