

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,783-01

### EX PARTE MICHAEL WAYNE STEEN, II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. FR 76817-A IN THE 264TH DISTRICT COURT
### FROM BELL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to possession with intent to deliver a controlled substance and was sentenced to life imprisonment.

Applicant contends that he was denied his right to appeal because the trial court allowed trial counsel to withdraw from the representation on the day of sentencing and indicated that appellate counsel would be appointed, but failed to timely appoint appellate counsel. Although Applicant later filed a *pro se* notice of appeal and received appointed appellate counsel, the notice was untimely and his appeal was dismissed for want of jurisdiction. *Steen v. State*, No. 03-18-00599-CR (Tex. App.

— Austin, Sept. 25, 2018) (not designated for publication).

The trial court has determined that Applicant was without counsel during the applicable period for filing notice of appeal, and that he was denied his right to appeal through no fault of his own. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 76817-A from the 264th District Court of Bell County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 8, 2019
Do not publish