

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-89,790-01 & WR-89,790-02

### EX PARTE LUKE HAMPTON, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 14-00033-86-F & 14-00034-86-F
### IN THE 86TH JUDICIAL DISTRICT COURT FROM KAUFMAN COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault of a child and indecency with a child. He was and sentenced to fifty years' and ten years' imprisonment respectively. The Fifth Court of Appeals modified and affirmed his convictions. *Hampton v. State*, Nos. 05-15-00509-CR & 05-15-00510-CR (Tex. App.—Dallas June 13, 2016)(not designated for publication).

Applicant contends that he was denied the right to file a petition for discretionary review

(PDR) to this Court.  He alleges that counsel did not send him a copy of the appellate opinion or inform him that he had the right to file a *pro se* petition for discretionary review. Counsel filed an affidavit stating that she does not have a copy of Applicant's file, but that her normal practice was to send clients timely letters with a copy of the appellate court's opinion.

Applicant has alleged facts which, if true, might entitle him to relief.  *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).  In these circumstances, additional facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal  Justice's Office of the General Counsel to file an affidavit stating whether Applicant received any legal mail from June 13, 2016, the date the appellate court issued its opinion, through August 13, 2016 and supply the mail logs for that time frame, if available. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant received any mail from appellate counsel during the two months after the appellate court issued its opinion.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order.  If any continuances are granted, a copy of

the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: May 15, 2019
Do not publish