

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,439-01

### EX PARTE RAYMOND OSCAR ROBLEDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W15-00555-W(A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment.

Applicant contends that he was denied his right to an appeal. We remanded this application to the trial court for findings of fact and conclusions of law. On remand, the trial court found that through no fault of his own Applicant was denied his right to an appeal. The trial court recommended that we grant him an out-of-time appeal.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant is

entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number F-1500555-W from the 363rd District Court of Dallas County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered:     January 29, 2020
Do not publish