**Ex parte Simon Lee RILEY, Applicant.**

**No. AP–75185.**

Court of Criminal Appeals of Texas.

June 7, 2006.

John G. Jasuta, Austin, for Appellant.

Allison Palmer, Asst. District Atty., San Angelo, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

Applicant was charged with possession of marihuana in an amount between five and fifty pounds. Applicant filed a pretrial motion to suppress, claiming that there was no reasonable basis for the officer to stop him and that the evidence was found during an invalid warrantless search. After a hearing, the trial court denied the motion to suppress. Applicant pleaded guilty to the offense and was sentenced to twenty-five years in prison. He appealed, and the court of appeals affirmed the judgment of conviction. On May 1, 2003, the clerk of the Third Court of Appeals mailed to Applicant's court-appointed attorney a copy of the memorandum opinion issued by the court. Applicant's attorney never received the copy, but on July 7, 2003, he learned of the court of appeals' decision from the district attorney. He then informed Applicant that his conviction was affirmed by the court of appeals and gave him a copy of the opinion. Applicant expressed his desire to file a petition for discretionary review with this Court, but his attorney informed him that the filing deadline had passed.

Applicant's attorney filed an affidavit including these facts and claiming that he was ineffective through no fault of his own because he did not have notice of the court's decision and was not able to advise his client of his legal options in a timely manner. Applicant filed an application for a writ of habeas corpus, requesting leave to file an out-of-time petition for discretionary review. After reviewing the record and affidavits, the trial court recommended that relief be granted. The trial judge's findings included that:

> The right of Riley to file a petition for discretionary review is part of the complete appellate process, and this right exists regardless of the probability of success of the appeal and regardless of whose fault it was that Riley was deprived of the opportunity to file a petition for discretionary review, so long as it was not the fault of the petitioner.

We filed and set this case and ordered Applicant and the State to brief the issue of whether we should grant habeas corpus relief and if so, on what basis. Both the Applicant and the State concede that the current procedure for determining whether an applicant is entitled to file an out-of-time petition for discretionary review is adequate and should not be changed. We agree. Applicant asserts that if we were to change the procedure, we should focus on whether the applicant was denied his right to file a petition for discretionary review through no fault of his own rather than focusing on why (i.e., ineffective assistance of counsel) he was denied the right. We disagree with this approach because we do not want to open the door for attorneys to become remiss in informing clients of their rights to appeal. We also do not want to place on the courts of appeals the responsibility for informing appellants of their decisions.

It is the responsibility of counsel appointed on appeal to see the appeal of right through to the end. This means informing the client of the decision of the court of appeals and advising him that he has the right to file a *pro se* petition for discretionary review. Therefore, while an

appellate attorney is required to give his client notice regarding the right to file a petition for discretionary review, he is not required to file a petition for discretionary review for his client. *See Ex Parte Ayala,* 633 S.W.2d 526, 528 (Tex.Crim.App.1982); *Ex Parte Jarrett,* 891 S.W.2d 935, 944–45 (Tex.Crim.App.1995). And, while an Appellant has the right to file a petition for discretionary review, he does not have a right to appointed counsel to assist him in filing the petition for discretionary review. *Ex Parte Wilson,* 956 S.W.2d 25, 27 (Tex. Crim.App.1997).

 In this case, there was a breakdown in the system, and due process requires that Applicant be permitted to exercise his statutory right to file a petition for discretionary review. However, this is not an opening for careless attorneys to disregard deadlines and blame it on the U.S. Postal Service. There are now procedures available to attorneys to reduce the chances that this type of breakdown will occur. CaseMail and opinion tracking are online tools offered by the courts to alert an attorney by electronic mail immediately when a case is handed down, alleviating the delay resulting from regular mail. Thanks to technology, attorneys no longer have the excuse that they didn't know when their client's case was decided. While occasionally there may be situations similar to the one before us, the incidents are infrequent and can be handled on a case by case basis rather than requiring a modification of our procedures.

Just to make it clear, we are not removing from attorneys the responsibility of informing their clients about court decisions affecting their case. Normally, when an appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel. Due to the

unusual circumstances in this case, we will allow Applicant to file an out of time petition for discretionary review without a determination that Applicant's attorney rendered ineffective assistance. Applicant is entitled to file an out-of-time petition for discretionary review on the basis that he was deprived of his statutory right to file a petition for discretionary review by his attorney's failure to notify him when the court of appeals affirmed his conviction.

COCHRAN, J., filed a concurring opinion, in which WOMACK, J., joined.

KELLER, P.J., concurred.

COCHRAN, J., filed a concurring opinion, in which WOMACK, J., joined.

I agree that applicant is entitled to habeas corpus relief and an opportunity to file an out-of-time petition for discretionary review. However, I think that applicant's attorney was, in fact, constitutionally ineffective in failing to protect his client's right to timely file a petition for discretionary review.

Rule 4.5 of the Texas Rules of Appellate Procedure (TRAP) sets out the procedure for obtaining additional time to file a petition for discretionary review when a party has not received timely notice of the decision by the court of appeals.

In the present case, the record shows that the Third Court of Appeals rendered its decision affirming applicant's conviction on May 1, 2003. The court of appeals mailed a copy of that opinion to applicant's appellate counsel on the same day. Applicant's attorney apparently did not receive this notice. He did, however, learn about the court of appeals's judgment from the district attorney on July 7, 2003. This was sixty-eight days after the judgment and opinion were filed.

Under TRAP 4.5(c), if a party or his attorney did not receive notice of the judgment or order of the court of appeals until after the time has expired for filing a petition for discretionary review, that party may file a motion with this Court requesting additional time in which to file such a petition. That motion must be filed within fifteen days of the date on which the party or his attorney received actual notice of the order "but in no event more than 90 days after the date of the judgment or order." Tex.R.App. P. 4.5(b).

In this case, applicant's attorney received actual notice of the appellate court's judgment in ample time to (1) inform his client of the affirmance of his conviction; and (2) prepare an affidavit setting out the facts that he had not received a copy of the judgment, but did receive actual notice of the order sixty-eight days later; and (3) prepare a motion on applicant's behalf to file pro se with this Court requesting an extension of time should applicant desire to file a pro se petition for discretionary review.

If this Court, upon receiving such a motion, finds that a party's attorney did not timely receive notice or have actual knowledge of the judgment, then this Court must grant the motion for extension of time. TRAP 4.5(d). And that finding would have given applicant thirty days in which to file a pro se petition for discretionary review once his motion for additional time was granted. Id.

This rule is simple; it is clear; it has been the controlling law since 1997. I can think of no plausible reason or strategic rationale for applicant's attorney's failure to at least inform his client of TRAP 4.5 and explain its significance. Had he done so, applicant would not have wasted three years before obtaining his right to file a pro se petition for discretionary review.

I concur in the Court's judgment.