

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,475

**EX PARTE JOHN MEDELLIN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 08-CR-3680-G IN THE 319TH DISTRICT COURT
## FROM NUECES COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals dismissed his appeal. *Medellin v. State*, No. 13-09-00240-CR (Tex. App.–Corpus Christi-Edinburg, delivered Aug. 31, 2009, no pet.).

Applicant contends that he was denied his right to appeal because he was led to believe from court records that a notice of appeal had been filed. The trial court made findings of fact and

conclusions of law and recommended that we deny relief. We do not agree. In Applicant's case, there was a "breakdown in the system." *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 08-CR-3680-G from the 319th Judicial District Court of Nueces County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: January 12, 2011
Do Not Publish