IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,235-01






EX PARTE DAVID ALLEN VAN DYNE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-05403-CRF-272 IN THE 272ND DISTRICT COURT


FROM BRAZOS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and sentenced to two concurrent sentences of life imprisonment.
The Tenth Court of Appeals affirmed his conviction. Vandyne v. State, No. 10-07-00328-CR (Tex.
App.-Waco, May 27, 2009) (unpublished). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed. Applicant contends that a
copy of the appellate opinion was delivered to the Telford Unit in New Boston on June 1, 2009 but
that he was not on the Telford Unit at the time and did not receive notice of the Tenth Court's
opinion until after 30 days to file a petition for discretionary review had passed. 

 This Court determined that Applicant's claim could have merit and remanded to the trial
court to make findings of fact addressing, among other things, when Applicant received the notice.
The trial court made findings of fact, determining a copy of the appellate opinion was received at the
Telford Unit on June 1, 2009 and concluding that Applicant received the opinion when he returned
to the Telford Unit on June 15, 2009, approximately one week before his deadline to file a pro-se
PDR would run. However, nothing in the habeas record or the trial court's findings of fact show
when Applicant received the notice. Accordingly, the conclusion that Applicant received timely
notice is not supported by the current record. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); Ex parte
Riley, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact as to when Applicant actually received
notice that his conviction had been affirmed.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 9, 2011

Do not publish