IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,819-01






EX PARTE KEITH ASHLEY HUBBARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08F0792-005A IN THE 5TH DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of seven counts of
aggravated sexual assault of a child. The Applicant was sentenced to fifty years' imprisonment for
each of the seven counts, the sentences to run consecutively. The Sixth Court of Appeals affirmed
his conviction. Hubbard v. State, No. 06-09-00090-CR (Tex. App.-Texarkana, delivered May 7,
2010, no pet.).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify Applicant that his conviction had been affirmed and failed to advise him of
his right to petition for discretionary review pro se. The trial court, after obtaining an affidavit from
counsel, has recommended that relief be denied. However, the Applicant alleges that during the
applicable time frame, the mail room at his facility did not receive any mail from counsel addressed
to Applicant. Applicant might be entitled to relief based not on ineffective assistance of counsel, but
rather on a break-down in the system. Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006).

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant received any mail from counsel from the date
of the appellate opinion, May 7, 2010, until the date his application for writ of habeas corpus was
filed, February 9, 2011. The affidavit should reference the mail logs of any unit to which Applicant
was assigned during the applicable time frame.

 The trial court shall make findings of fact as to whether Applicant received the letter sent by
his appellate attorney notifying him of the court of appeal's opinion. If so, the trial court shall make
a finding as to when the letter was received by Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 18, 2011

Do not publish