IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,098-02






EX PARTE JEFFERY BRUCE SEEGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 007-1421-08-A IN THE 7th DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to ninety-nine years' imprisonment. The Twelfth Court of Appeals affirmed
his conviction. Seeger v. State, No. 12-09-00145-CR (Tex. App.-Tyler July 30, 2010)(unpublished). 
 Applicant contends that he is entitled to an out-of-time petition for discretionary
review (PDR) based on fraud. He alleges that a non-lawyer, Natalie Ellis, deceived his mother into
paying her in order to have an attorney in Austin represent Applicant for his PDR. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Riley, 193
S.W.3d 900 (Tex. Crim. App. 2003). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall hold a live hearing to hear testimony
from both Applicant's mother and Natalie Ellis to determine whether Applicant's right to file a PDR
was affected by fraud or deceit. 

 It appears that Applicant is represented by counsel. The trial court shall determine if
Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's right to file a pro
se petition for discretionary review was obstructed as a result of fraudulent actions on the part of
Natalie Ellis. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 14, 2011

Do not publish