

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,706

**EX PARTE CLYDE JAMES FREEMAN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-11-11188-CR IN THE 435TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to forty years' imprisonment. The Ninth Court of Appeals dismissed his appeal. *Freeman v. State*, No. 09-10-00524-CR (Tex. App.–Beaumont Jan. 19, 2011, no pet.).

Applicant contends that he was denied his right to appeal. The trial court has determined that there was a breakdown in the system and that Applicant is entitled to an out-of-time appeal. We agree. *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). We find that Applicant is

entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause number 09-11-11188-CR from the 435th District Court of Montgomery County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: December 14, 2011
Do Not Publish