IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1740-11






Ex Parte MARCELO PARODI, Appellant








ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Cochran, J., filed a statement concurring in the refusal of the petition for
discretionary review in which Meyers, J., joined.


 In 2011, appellant filed an application for habeas corpus relief under Article 11.072
challenging his 2003 misdemeanor conviction for possession of drug paraphernalia.
Unbeknownst to either appellant or the State, the trial judge denied the application as
frivolous in April, 2011. Notice of appeal was due in May. Appellant did not file his notice
of appeal until June. In August, the court of appeals ordered appellant to show cause why
his appeal should not be dismissed for lack of jurisdiction. The order stated that appellant
could request a supplemental clerk's record to prove any mistakes on the clerk's part. 
Appellant responded that the district clerk never notified him or his counsel that the trial
judge had signed a judgment against him. He did not, however, request the clerk's record
or present record evidence to back up his "no notice" claim. The court of appeals dismissed
his appeal for lack of jurisdiction.

 A defendant should not be penalized for an error that occurs within the clerk's office.
Stansberry v. State, 239 S.W.3d 260 (Tex. Crim. App. 2007). But defendants must show that
a clerk's mistake actually occurred. Although we must refuse appellant's petition for
discretionary review because he has not provided the appellate courts with record evidence
to prove that he did not timely receive notice of the judgment, he may still obtain relief if it
is warranted. Appellant may file a subsequent writ application under Article 11.072 alleging
a due-process violation: the deprivation of his right to attack his conviction via his initial
Article 11.072 writ application. (1) The clerk's alleged failure to give appellant notice that his
initial writ application was denied constitutes a claim that his statutory Article 11.072 right
was violated.

 Appellant may request reconsideration of his initial writ to remedy that purported
constitutional error. This is akin to our Article 11.07 writ practice of granting an out-of-time
appeal when either the appellate attorney fails to properly file a notice of appeal (2) or when
there is a "breakdown in the system" that prevents the filing of a proper notice of appeal. (3) 
The judge may then sign a new order-hopefully in open court. That signed order will reset
the appellate timetable and provide appellant with his due-process and statutory right to
appeal if the trial judge denies relief on his habeas application.

Filed: February 29, 2012


Do not publish
1. This court has previously encountered this same situation. See Ex parte Martinez, No.
PD-1801-10, 2011 WL 2582199 (Tex. Crim. App. June 29, 2011) (not designated for
publication) (Cochran, J., concurring) (untimely habeas appeal dismissed for want of jurisdiction,
but appellant directed to file a subsequent Article 11.072 application to remedy any possible
error). 
2. See, e.g., Ex parte Smith, No. AP-76579, 2011 WL 2420314, at *1 (Tex. Crim. App.
June 15, 2011) (granting habeas relief and permitting out-of-time appeal when trial counsel was
ineffective for failing to file timely notice of appeal); Ex parte Foster, No. AP-76467, 2011 WL
2420330, at *1 (Tex. Crim. App. June 15, 2011) (same); Ex parte Richardson, No. AP-76546,
2011 WL 2420330, at *1 (Tex. Crim. App. May 11, 2011) (same) (all not designated for
publication).
3. See Ex parte Riley, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) (granting, via writ
application under 11.07, right to file an out-of-time PDR because of a "breakdown in the system"
in which defendant's attorney did not receive timely notice of decision issued by court of
appeals); see, e.g., the following unpublished opinions: Ex parte McBrayer, No. AP-76711, 2012
WL 79029 (Tex. Crim. App. Jan. 11, 2012) (granting relief under Article 11.07 and allowing for
out-of-time appeal because "there was a breakdown in the system"); Ex parte Brown, No.
AP-76577, 2011 WL 2420340, at *1 (Tex. Crim. App. June 15, 2011) (granting relief under
Article 11.07 and allowing for out-of-time appeal when defendant's notice of appeal was
untimely because of a "breakdown in the system, rather than deficient performance on the part of
trial or appellate counsel"); Ex parte Lacey, No. AP-76540 & AP-76541, 2011 WL 1734253, at
*1 (Tex. Crim. App. May 4, 2011) (granting relief under Article 11.07 and permitting out-of-time
appeal because of a "breakdown in the system"; "although notices of appeal were signed and
presented to the court clerk by counsel, the notices were misplaced by the court clerk and not
timely filed").