IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,786






EX PARTE HUGO ISRAEL MARTINEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-35,031-A IN THE 161ST JUDICIAL DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to sixteen years' imprisonment. 

 Applicant contends he was denied his right to appeal, because although trial counsel timely
filed a motion for new trial and was subsequently permitted to withdraw, appellate counsel was not
appointed until after the deadline for filing the notice of appeal. We remanded this application to the
trial court for findings of fact and conclusions of law.

 The trial court has determined that Applicant was denied the opportunity to appeal his
conviction through no fault of his own. See Ex parte Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006). 
We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment
of conviction in Cause No. B-35,031-A from the 161st Judicial District Court of Ector County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of
this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to
represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been
imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.


Delivered: May 2, 2012

Do Not Publish