

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,951-02

### EX PARTE ERIC DEWAYNE SMALL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 985103IN THE 209TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment.

Applicant contends that he was denied the opportunity to file an appeal. Counsel filed an affidavit with the trial court. The trial court found his affidavit credible and determined that Applicant did not have the opportunity to file an appeal. The trial court made no recommendation. We conclude that there was a breakdown in the system. *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex.

Crim. App. 2006). We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 985103 from the 209th District Court of Harris County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. It appears that Applicant is represented by counsel. Within ten days of the issuance of this opinion, the trial court shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 7, 2014
Do not publish