

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,329-02

### EX PARTE LEONARDO VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2012-DCR-2913-B IN THE 138TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to thirty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that counsel was timely appointed, but was never notified of that appointment, so did not take steps to perfect an appeal of this cause. The trial court recommends

granting an out-of-time appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 2012-DCR-2913 from the 138th District Court of Cameron County due to a breakdown in the system. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003).

Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 25, 2017
Do not publish