

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,536-01

### EX PARTE DEREK ANDREW BODDEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W14-52852-N(A) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

**O P I N I O N**

Applicant was convicted of fraudulent use or possession of identifying information and sentenced to eighteen years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his guilty plea was not voluntary and that he was denied his right to a direct appeal of the conviction through no fault of his own. The trial court has found that Applicant "timely filed his notice of appeal and due to a filing error by the clerk it was not processed or forwarded to the Court of Appeals." Applicant is entitled to a late appeal. *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003); *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

Relief is granted. Applicant may file an out-of-time appeal of his conviction in cause number F -1452852-N from the 195th District Court of Dallas County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App.1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:      February 26, 2020

Do not publish