

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-3,933-12

### EX PARTE WALTER HARVEY BALLARD, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1390115-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Applicant was convicted of possession of child pornography and sentenced to thirteen years' imprisonment. The First Court of Appeals affirmed his conviction. *Ballard v. State*, No. 01-15-00275-CR (Tex. App.—Houston [1ˢᵗ Dist.] July 25, 2017)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied the right to re-file a petition for discretionary review (PDR) to this Court. He alleges that he filed a hand-written *pro-se* PDR which was dismissed as non-compliant by this Court. This Court struck the petition on March 21, 2018, and stated that

Applicant could redraw the petition and re-file it within thirty days. Applicant alleges that he never received a copy of that order from this Court, therefore he was not able to redraw his petition and was denied his right to file a PDR.

This Court remanded the application to obtain mail logs from the Texas Department of Criminal Justice. Those logs show that Applicant did not receive any mail from this Court around the time the order was issued, supporting his contention that he did not have notice of this Court's order to redraw the petition.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003). Applicant may file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in cause number 01-15-00275-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Applicant's remaining claims are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 26, 2020
Do not publish