

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,679-01

### EX PARTE DANNY JOE GIPSON , Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10F0430-005-A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of indecency with a child by exposure and sentenced to 10 years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied the opportunity to file an appeal. The record indicates that Applicant indicated a desire to appeal his conviction, but that he was denied his right to do so through no fault of his own. *Ex parte Riley,* 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). The habeas court has determined that Applicant did not have the opportunity to file an appeal.

Relief is granted. *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction

in cause number 10F0430-005 from the 5th District Court of Bowie County.  Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent.  If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal.  All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate.  Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Applicant's remaining allegations are dismissed.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 8, 2020
Do not publish