

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,668-01

### EX PARTE SHARON NICOLE WALTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 29857-A IN THE 349TH DISTRICT COURT
### FROM ANDERSON COUNTY

*Per curiam*.

### O P I N I O N

Applicant originally entered an open plea of guilty to engaging in organized criminal activity and received a sentence of ten years' community supervision. Her community supervision was later revoked, and she was sentenced to eight years' imprisonment. She filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that she was denied her right to an appeal through no fault of her own. The record indicates that Applicant wrote to the trial court indicating a desire to appeal after revocation, but that the letter, which was mailed from prison, did not reach the trial court until several days after the deadline for filing notice of appeal. The trial court appointed appellate counsel, who

immediately filed a notice of appeal. Appellate counsel also timely filed a motion for extension of time for filing notice of appeal, but filed it in the trial court rather than the court of appeals, as required by Rule 26.3(b) of the Texas Rules of Appellate Procedure. The court of appeals dismissed the appeal for want of jurisdiction. *Walton v. State*, No. 12-20-00010-CR (Tex. App. — Tyler January 31, 2020) (not designated for publication).

Based on the record, it appears that Applicant was denied the opportunity to appeal due to a breakdown in the system. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Relief is granted. Applicant may file an out-of-time appeal of her revocation and sentence in cause number 29857 from the 349th District Court of Anderson County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her on direct appeal. All deadlines shall be calculated as if Applicant was sentenced on the date of this Court's mandate. Should Applicant decide to appeal, she must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: September 16, 2020

Do not publish