

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,415-01

### EX PARTE TRAVIS LESLIE NORTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2016CR3975-W1 IN THE 399TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam.*

### O P I N I O N

After the trial court denied Applicant's motion to suppress, a jury convicted him of possession with intent to deliver a controlled substance, and the trial court assessed a twelve year prison sentence. The Fourth Court of Appeals affirmed the conviction. *Norton v. State*, No. 04-18-00022-CR (Tex. App.—San Antonio del. Feb. 13, 2019). Applicant had asserted on direct appeal that the trial court erred in failing to suppress the physical evidence obtained pursuant to a warrantless search of his person in violation of the Fourth Amendment. The appellate court found that the issue, from its review of the appellate record, had not been preserved. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial finds, "[From] both the [trial] clerk's and the [trial] court's records, it appears to this court that due to a clerical error, the Fourth Court of Appeals did not receive the complete record on appeal and thus, was unable to correctly evaluate Applicant's sole issue on appeal. [Thus,] due to the clerical error and the fact that the Fourth Court of Appeals did not have the complete record on appeal, this court finds that Applicant was deprived of his right to an effective appeal and for that reason, Applicant should be granted an out of time appeal." *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). The findings and recommendation are supported by the habeas record.

Relief is granted. Applicant is returned to the direct appeal process. The appellate court shall determine whether Applicant wishes to have and is entitled to have appellate counsel appointed. If so, appellate counsel shall be appointed to represent Applicant on appeal. The appellate court shall withdraw its opinion in Applicant's case, review an appellate record that includes the suppression hearing transcription, and issue a new opinion based on the completed record. Applicant's remaining habeas claims attacking the merits of the conviction are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     MARCH 31, 2021
Do not publish