

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,440-01

### EX PARTE D'JAMAN KESHOD WEST, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 12939-D(1) IN THE 350TH DISTRICT COURT FROM TAYLOR COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of murder and sentenced to twenty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal due to no fault of his own. The trial court agrees. There was a breakdown in the system where the person responsible for notifying appellate counsel of his appointment believed that notice was to be held. The trial court knew of Applicant's desire to appeal and intended to timely appoint counsel, but notice of that appointment was not sent to appellate counsel until after the time to file a notice of appeal had passed.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003). Applicant may

file an out-of-time appeal of his conviction in cause number 12939-D from the 350th District Court of Taylor County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 25, 2023
Do not publish