

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,746-01

### EX PARTE TOMMY LEE SCHLETT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-2235-K368 A IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam.*

## O P I N I O N

Applicant entered open pleas of guilty to one count of intoxication manslaughter and two counts of intoxication assault, and was given one twenty-year sentence and two eight-year sentences, all to run concurrently. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because although the trial court appointed appellate counsel and allowed trial counsel to withdraw from the representation, notice of appeal was not timely filed. Based on the record, the trial court has found that appellate counsel never received notification of his appointment in this case, and that had he done so, appellate counsel would have timely filed a notice of appeal. Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex.

Crim. App. 2006); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of his conviction in cause number 16-2235-K368 from the 368th District Court of Williamson County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 3, 2023
Do not publish