

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,838-01

### EX PARTE CABIEN KESHANE TYESKIE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 50975-B-H-1 IN THE 124TH DISTRICT COURT
### FROM GREGG COUNTY

*Per curiam*. YEARY, J., concurred.

## O P I N I O N

Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. His direct appeal was dismissed for want of jurisdiction because notice of appeal was not timely filed. *Tyeskie v. State*, No. 06-22-00118-CR (tex. App. — Texarkana October 20, 2022) (not designated for publication). He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file his motion for new trial and notice of appeal. This Court has consistently held that it is trial counsel's responsibility to file notice of appeal if the defendant indicates a desire to appeal. *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). However, in this case the trial court

apparently appointed appellate counsel on the same day Applicant was sentenced, without insuring that a motion for new trial or notice of appeal had been filed. Appointed appellate counsel learned that Applicant had retained appellate counsel, and filed a motion to withdraw from the representation within the thirty-day period for filing notice of appeal, but the trial court did not grant the motion to withdraw until after the thirty-day period had elapsed. Retained appellate counsel filed an untimely motion for a new trial and notice of appeal after appointed appellate counsel had filed the motion to withdraw, after the thirty-day deadline had passed, but before the trial court granted the motion to withdraw.

It appears that Applicant is entitled to an out-of-time appeal on the basis of a "breakdown in the system." Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant may file an out-of-time appeal of his conviction in cause number 50975-B from the 124th District Court of Gregg County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: June 7, 2023
Do not publish