

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,714-01

### EX PARTE DEREK STEVE BANKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18-2491-K26 A IN THE 26TH DISTRICT COURT FROM WILLIAMSON COUNTY

*Per curiam*.  **SLAUGHTER, J. filed a concurring opinion.**

### O P I N I O N

Applicant was convicted of aggravated assault of a child and sentenced to 70 years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal through no fault of his own. Based on the record after remand, the trial court finds that defense counsel's usual practice of filing a motion for new trial and a motion to withdraw, with the expectation that the trial court would appoint appellate counsel to timely file a notice of appeal, was within the acceptable standard of practice before the court. In this case, however, counsel's practice broke down. The court states that Applicant lost his opportunity to appeal due to a misunderstanding of the electronic filing process.

The trial court concludes that Applicant desired to appeal his conviction and sentence but was denied the right to appeal through no fault of his own.

Relief is granted. *Ex parte Riley,* 193 S.W.3d 900, 902 (Tex. Crim. App. 2006). Applicant may file an out-of-time appeal of his conviction in cause number 18-2491-K26 from the 26th District Court of Williamson County. It appears that Applicant is represented by counsel. If Applicant is not represented by counsel, then within ten days from the date of this Court's mandate the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: October 25, 2023

Do not publish