

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,109-01

### EX PARTE ARTHUR TORREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. DC-2022-CR-1436-A IN THE 364TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of aggravated assault date/family/house with weapon and sentenced to thirty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because counsel failed to timely file a notice of appeal.

Based on the record, the date Applicant was sentenced was incorrectly reflected on the judgment, and the motion for new trial and notice of appeal were timely filed. Applicant was denied an appeal due to a "breakdown in the system." *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

Relief is granted. Applicant may file an out-of-time appeal of his conviction in cause number DC-2022-CR-1436 from the 364th District Court of Lubbock County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:      NOVEMBER 22, 2023
Do not publish