

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,515-01

**EX PARTE JOSE R MORALES, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-371-W012177-0999946-A IN THE 371ST DISTRICT COURT
## FROM TARRANT COUNTY

*Per curiam*. YEARY, J., dissented.

### O P I N I O N

Applicant pleaded guilty to aggravated sexual assault of a child under fourteen years of age and was sentenced by the trial judge to forty five years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied his right to an appeal.

Based on the record, the trial court finds that, although Applicant's *pro se* notice of appeal was file-marked on August 21, 2007, one day late, it was timely delivered to the appropriate clerk. Therefore, Applicant's notice of appeal was timely filed. Applicant was denied an appeal due to a "breakdown in the system." *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).

Relief is granted. Applicant may file an out-of-time appeal of his conviction in cause number 0999946D from the 371st District Court of Tarrant County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: January 10, 2024
Do not publish