

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,135-01

### EX PARTE JEREMY CHRISTIAN MOFFITT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 114-0071-21-A IN THE 114TH DISTRICT COURT
### FROM SMITH COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of evading arrest or detention that caused serious bodily injury and sentenced to twenty years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied the right to an appeal because appellate counsel who was initially appointed to represent him on appeal failed to timely file a notice of appeal. Based on the record, the trial court has found that Applicant's right to an appeal was denied because appellate counsel did not take timely steps to secure the notice of appeal as required. We agree that Applicant was denied his right to appeal, but find that it was due to a breakdown in the system as opposed to

the ineffective assistance of appellate counsel.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of him conviction in cause number 114-0071-21 from the 114th District Court of Smith County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 14, 2024
Do not publish