

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,561-02

### EX PARTE TED DARWIN MOORE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 22-10-13402 (2) IN THE 9TH DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of possession of a controlled substance and sentenced to thirty years' imprisonment. The Ninth Court of Appeals dismissed his direct appeal for want of jurisdiction. *Moore v. State*, No. 09-23-00383-CR (Tex. App.—Beaumont Jan. 31, 2024). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective for failing to file a notice of appeal. Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant was prejudiced. However, this Court finds Applicant is entitled to relief due to a breakdown in the system.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2003). Applicant may file an out-of-time appeal of the judgment of conviction in cause number 22-10-13402 from the 9th District Court of Montgomery County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: SEPTEMBER 4, 2024
Do not publish