

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-96,354-01 & WR-96,354-02

### EX PARTE GREGORY BERNARD TRAYLOR, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 349CR-23-36329-A & 349CR-22-36066-A IN THE 349TH DISTRICT COURT ANDERSON COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to the offenses of (1) bail jumping and failure to appear and (2) burglary of a habitation. He was originally placed on deferred adjudication community supervision for both offenses. Later, he was adjudicated guilty for both offenses and was sentenced to seven years' imprisonment for the bail jumping and failure to appear offense and to fifteen years' imprisonment for the burglary offense, to run concurrently. He filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he his was denied his right to appeal in both his failure to appear and

burglary cases. He alleges that he informed the trial court that he wanted to appeal on the date he was adjudicated guilty and sentenced in both cases; however, he was not appointed counsel until after the time frame to file his notices of appeal had passed. Based on the record, the Court finds that Applicant was denied his right to appeal through no fault of his own.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant may file out-of-time appeals of his convictions in cause numbers 349CR-23-36329 and 349CR-22-36066 from the 349th District Court of Anderson County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he his must file written notice(s) of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 5, 2025
Do not publish