

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,562-01

### EX PARTE KVAUGHANDRE LAPAUL PRESLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2125070-A IN THE CRIMINAL DISTRICT COURT NO. 6 DALLAS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals dismissed his direct appeal due to want of jurisdiction. *Presley v. State*, No. 05-23-00233-CR (Tex. App.— Dallas Apr. 12, 2023). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal, through no fault of his own, due to a breakdown in the system. Based on the record, the State and the trial court agree and recommend granting Applicant an out-of-time appeal.

We agree. Relief is granted. *Ex parte Riley,* 193 S.W.3d 900, 901-02 (Tex. Crim. App.

2006).  Applicant may file an out-of-time appeal of his conviction in cause number  F-2125070 from the Criminal District Court No. 6 of Dallas County.  It appears that Applicant is represented by counsel. If Applicant is not represented by counsel, then within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 23, 2025
Do not publish