

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0611-24

## EX PARTE GARY GRIFFIN, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### HAYS COUNTY

*Per curiam*. NEWELL, J., filed a concurring opinion joined by SCHENCK, P.J. PARKER, J., filed a dissenting opinion joined by YEARY, J.

### O P I N I O N

A jury convicted appellant Gary Lee Griffin of the offense of assault on a public servant. The trial court assessed punishment at two years' imprisonment and a $2,500 fine, and suspended imposition of the sentence and placed Griffin on community supervision for four years. On May 19, 2017, Appellant's conviction was affirmed in *Griffin v. State*, 03-15-00398-CR (Tex. App.—Austin 2017) (mem. op., not designated for publication). On August 31, 2020, Appellant filed an 11.072 application for writ of habeas corpus

alleging that his counsel was ineffective. On October 20, 2020, the trial court denied the application. Due to a clerk's error, counsel did not learn of the denial of the application until December 14, 2020. On March 16, 2021—93 days after receiving actual notice of the denial of the first application—Appellant filed a second 11.072 application. This second application reraised an ineffective assistance of counsel claim related to trial counsel's performance and requested an out-of-time appeal on the denial of the first 11.072 application. The trial court denied relief on the grounds that Appellant received notice on December 14, 2020, and "failed to file a motion for an out-of-time appeal within thirty days of receiving notice." The Third Court of Appeals suspended the appeal to allow the trial court to clarify its order denying the second application. The trial court subsequently issued an order dismissing the application as frivolous and determining that Appellant was not entitled to relief based solely on the application's contents.

On appeal, Appellant argued, *inter alia*, that the trial court erred by denying his request for an out-of-time appeal based on a mistaken belief that the petition was subject to a 30-day deadline. The majority of the court of appeals affirmed the trial court's decision, not on that basis, but instead faulting Appellant for not claiming his habeas counsel was ineffective for waiting 93 days after being notified of the ruling before filing another application for an out-of-time appeal. *In re Griffin*, 703 S.W.3d 831 (Tex. App.—Austin 2024) (J. Triana, dissenting) (op. on rehearing).

Appellant has filed a petition for discretionary review complaining that the court below misapplied the concept of delay by turning its focus from the credibility of the claim

into a broader idea involving the actions of writ counsel. We agree with Appellant that this conclusion by the lower court is not supported by our case law. Regardless of any delay by appellate counsel, a 93-day delay, given the absence of a statutory deadline, should not disqualify this case from being considered under *Ex parte Riley*, 193 S.W.3d 900, 901 (Tex. Crim. App. 2006).

We therefore grant review of Appellant's petition, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion.

Delivered: September 3, 2025

Do Not Publish