

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,495-01

### EX PARTE JOE SALINAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. DC-2025-CR-2477-A IN THE 140TH DISTRICT COURT LUBBOCK COUNTY

*Per curiam.*

### O P I N I O N

Applicant was convicted of failure to register as a sex offender and sentenced to eighteen years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because a clerical error removed his appointed appellate counsel and he was left without

representation during the period for filing a notice of appeal. Based on the record, the trial court has found that Applicant was denied his right to pursue a direct appeal through no fault of his own.

Relief is granted. *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant may file an out-of-time appeal of his conviction in cause number DC-2025-CR-2477 from the 140th District Court of Lubbock County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 16, 2026
Do not publish