

# Fourth Court of Appeals
## San Antonio, Texas

October 5, 2021

No. 04-20-00212-CR

Felipe **NEGRETE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2018-05-13279-CR
Honorable Camile Glasscock Dubose, Judge Presiding

# O R D E R

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

This court's opinion and judgment in this appeal issued on July 28, 2021. Appellant did not file a motion for rehearing or a motion for en banc reconsideration. Therefore, the deadline for appellant to file a petition for discretionary review with the Texas Court of Criminal Appeals was August 27, 2021. *See* TEX. R. APP. P. 68.2. The deadline for appellant to file a motion to extend the time to file a petition for discretionary review with the Court of Criminal Appeals was September 13, 2021. *See id.* R. 4.1, 68.2.

Rule 48.4 of the Texas Rules of Appellate Procedure requires an attorney representing a criminal defendant on appeal to send his client, within five days after the opinion is handed down, a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals. *See id.* R. 48.4. In this case, the deadline for appellant's attorney to comply with Rule 48.4 was August 2, 2021. Under Rule 48.4, an attorney is also required to send this court a letter certifying compliance with Rule 48.4 within the time for filing a motion for rehearing. *See id.* The deadline for filing a motion for rehearing, unless extended, is 15 days after judgment is rendered. *See id.* R. 49.1. Here, the deadline for appellant's attorney to file his letter certifying compliance was August 12, 2021. *See id.* On August 25, 2021, we sent appellant's attorney a letter apprising him of his failure to file his compliance letter and requesting that he send his compliance letter to the court within 10 days.

On September 22, 2021, appellant filed an "Unopposed Motion to Extend Time for Extension of Time to Respond and Comply with the Order of the Court of August 25, 2021." In his motion, appellant's counsel asks for an extension of time, pursuant to Rule 4.5, to comply with Rule 48.4. Rule 4.5 provides for a procedure to gain additional time to file a motion for rehearing and, consequently, to send the Rule 48.4 compliance letter. *See id.* R. 4.5(a), 48.4. However, Rule 4.5 applies only if a party did not timely receive notice of the judgment or order rendered. *See id.* R. 4.5(a). Here, the motion states: "Petitioner received notice of the entry of the JUDGMENT of the court of appeals on July 28, 2021."

Under these circumstances, it appears that counsel's delay in complying with Rule 48.4 has prejudiced appellant because the time for appellant to file a petition for discretionary review with the Court of Criminal Appeals and the time to file a motion to extend this deadline have expired. *See id.* R. 48.4, 68.2. Therefore, we DENY appellant's motion, and ORDER appellant's counsel to send appellant, by **October 11, 2021**, a copy of this order, our opinion, and our judgment, along with instructions on how appellant may file a writ of habeas corpus seeking an out-of-time appeal. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions); *see also Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Applicant is entitled to file an out-of-time petition for discretionary review on the basis that he was deprived of his statutory right to file a petition for discretionary review by his attorney's failure to notify him when the court of appeals affirmed his conviction."). Appellant's counsel shall send these copies and instructions by certified mail, return receipt requested, to appellant at his last known address. Further, we ORDER appellant's counsel to send this court a letter certifying his compliance with this order and attaching a copy of the return receipt by **October 21, 2021**.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of October, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court