

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,098-01

### EX PARTE CHRISTOPHER MALLETT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1463856-A IN THE 228TH DISTRICT COURT FROM HARRIS COUNTY

**SLAUGHTER, J., filed a concurring opinion in which HERVEY, J., joined.**

## CONCURRING OPINION

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. But I write separately to address the perennial problem of attorneys failing in their most basic duties. In numerous recent opinions, I have emphasized the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* petition for discretionary review following issuance of the court of appeals' opinion on direct appeal.

*See, e.g.*, *Ex parte Bowen*, 668 S.W.3d 660 (Tex. Crim. App. 2023) (Slaughter, J., concurring); *Ex parte Rashid*, 666 S.W.3d 568 (Tex. Crim. App. 2023) (Slaughter, J., concurring). This case constitutes yet another unfortunate example of appellate counsel's failure to fulfill her obligations in this regard. I have chosen to highlight this issue because: (1) it arises far too frequently, and (2) correcting such errors results in both unfairness to appellants and excessive post-conviction litigation that consumes a significant amount of judicial resources. Moreover, Rule of Appellate Procedure 48.4 is crystal clear in spelling out appellate counsel's duties in this context, so there is no plausible justification for attorneys to continue making this entirely avoidable mistake. The rule plainly states:

> In criminal cases, the attorney representing the defendant on appeal *shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68.* This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Our caselaw is similarly clear in providing that, if an appellate attorney fails to provide timely notice to a defendant of his right to pursue a *pro se* PDR, then counsel has rendered ineffective assistance, and relief in the form of an out-of-time PDR is warranted. *See, e.g.*, *Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) (per curiam) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed

of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.").

In this case, Applicant asserts that he never received any correspondence from appellate counsel notifying him of the court of appeals' opinion or of his right to file a *pro se* PDR. Indeed, Applicant contends that he did not find out that the court of appeals had affirmed his capital murder conviction until approximately two years after the fact, and even then, only through his own research into his case status. In response to the allegations, appellate counsel averred that because she lost her electronic files pertaining to Applicant's case, she did not have any record of sending the required Rule 48.4 notice. Nevertheless, she maintained that it was her standard practice to timely mail a copy of the court of appeals' decision along with a letter advising the defendant of his right to file a *pro se* PDR, and she had no reason to believe that she deviated from that practice in Applicant's case. Regardless of what counsel's standard practice may have been, the record refutes counsel's suggestion that she complied with Rule 48.4 in this case. This Court remanded the application for an examination of the prison mail room logs from the relevant time period, and those records show that Applicant received no mail from appellate counsel during that period. Appellate counsel then filed a supplemental affidavit explaining that she has had numerous problems with the prison mail system and has on multiple occasions sent correspondence to incarcerated clients that did not reach the intended recipient. But, without more to show that there was a "breakdown" in the prison mail system here, I agree with the Court's decision to hold counsel ineffective under these circumstances. There is nothing whatsoever to indicate that appellate counsel complied with her obligations under

Rule 48.4, and there is similarly no evidence of a mistake by the prison mail system that would have resulted in Applicant not receiving counsel's correspondence. I also note that the record shows counsel missed several filing deadlines in the court of appeals while working on Applicant's direct appeal, which calls into question her credibility on this matter.

In closing, the type of error that occurred in this case can be easily avoided if counsel simply follows the express requirements of Rule 48.4 by sending notice of the court of appeals' decision, along with an explanation of the defendant's right to pursue a *pro se* PDR, within five days after the appellate court's opinion is handed down. Failure to do so cannot be considered a simple mistake given the number of times this Court has addressed this issue. Moreover, correcting such errors through the post-conviction habeas process places an unnecessary burden on the courts and delays the appeal process, resulting in significant unfairness to defendants and a waste of judicial resources and taxpayer dollars. Though I recognize that we are all human beings who make mistakes, because of the sheer volume of writ applications this Court sees annually in which this or similar problems arise, it is my ethical obligation to yet again, and one final time, bring attention to this issue.[1] It is my hope that by highlighting this issue, appellate attorneys will be reminded of the consequences of failing to fulfill their obligations in this regard and will take steps to prevent such problems from arising in the future.

---

[1] *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").

With these comments, I join the Court's opinion granting Applicant relief.

Filed: December 18, 2024

Publish